[No. 65172-2-I.   Division One.   December 24, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. TERRY L. GRANT, *Appellant*.

*Casey Grannis* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Mark K. Roe, Prosecuting Attorney*, and *Seth A. Fine* and *Mary K. Webber, Deputies*, for respondent.

¶1 ELLINGTON, J.[*] — Terry Grant was convicted of first degree robbery and first degree kidnapping. Relying upon

---

[*] Judge Anne L. Ellington was a member of the Court of Appeals at the time oral argument was heard on this matter. She is now serving as a judge pro tempore pursuant to CAR 21(c).

*State v. Green*[1] and *State v. Korum*,[2] he contends his kidnapping conviction violated due process because the restraint of the victim was merely incidental to the robbery and was therefore not sufficient to support a separate kidnapping conviction.

¶2 We reject Grant's reading of *Green* and decline to follow *Korum*. It is well settled that separate convictions for first degree robbery and first degree kidnapping do not violate double jeopardy, regardless of the incidental nature of the kidnapping. To satisfy due process, the State must prove the statutory elements of each crime beyond a reasonable doubt. The State does not have to prove that one crime was "not incidental" to the other. Grant does not challenge the sufficiency of the evidence of the statutory elements, and the record establishes it was ample. We reject Grant's arguments and affirm his convictions.

¶3 In the unpublished portion of this opinion, we address Grant's contention that he received ineffective assistance of counsel and that his exceptional sentence for the kidnapping conviction was not justified. We affirm but remand for correction of a scrivener's error.

## BACKGROUND

¶4 On a December morning in 2008, Joanne Bigelow was home alone. She heard the doorbell. When she opened her door, two men with guns pushed their way inside. They told her she would not be hurt if she did everything they told her to do. They bound her ankles and tied her wrists behind her back with plastic tie wraps. Then they dragged her from the foyer to a downstairs bathroom.

¶5 Over the course of the next three hours, the intruders ransacked her house. Periodically they questioned her at

---

[1] 94 Wn.2d 216, 616 P.2d 628 (1980).

[2] 120 Wn. App. 686, 86 P.3d 166 (2004), *rev'd in part on other grounds*, 157 Wn.2d 614, 141 P.3d 13 (2006).

gunpoint, seeking, among other things, her personal iden-
tification number. They accused her of lying, hit her, pulled
her hair, and repeatedly threatened her. Bigelow overheard
them discussing whether to wrap her in a plastic bag and
take her to the bank, or "just shoot her through the door."[3]
The robbers took televisions, cameras, jewelry, guns, and
the rings from Bigelow's fingers.

¶6 Eventually they bagged the loot and left, and Bigelow
managed to escape. She ran to her neighbor's house and
called police. Grant was identified as one of the robbers and
was charged with first degree robbery and first degree
kidnapping. The jury found him guilty on both counts, and
the trial court imposed an exceptional sentence.

## ANALYSIS

¶7 To prove kidnapping in the first degree, the State
must show that the defendant abducted someone with
intent to facilitate the commission of any felony.[4] "Abduc-
tion" is restraint by secreting a person where he or she is
not likely to be found, or using or threatening to use deadly
force.[5] "To restrain" is to restrict movement in a manner
that interferes substantially with a person's liberty.[6]

¶8 Grant argues that any restraint of Bigelow was
merely incidental to the robbery, and the evidence was
therefore insufficient to support a separate kidnapping
conviction.

¶9 We begin by recognizing the well-settled rule in
Washington that when first degree kidnapping and first
degree robbery are committed together, they may be pun-
ished as separate crimes. The double jeopardy clause pro-

---

[3] Report of Proceedings (Feb. 23, 2010) at 51.

[4] RCW 9A.40.020.

[5] RCW 9A.40.010(1).

[6] RCW 9A.40.010(6).

hibits multiple punishments for the same offense,[7] but does not prohibit separate punishments for acts constituting *different* offenses unless the legislature so intended.[8]

¶10 Where the degree of one crime depends upon the commission of another offense, the legislative intent may be determined by application of the merger doctrine, which holds that when the legislature has clearly indicated that proof of one crime depends upon proof of another, the crimes will merge.[9] Separate punishment is nonetheless permissible if the other offense involved "some injury to the person or property of the victim or others, which is separate and distinct from and not merely incidental to the crime of which it forms an element."[10]

¶11 Kidnapping merges with some crimes,[11] but it is well settled that first degree kidnapping does not merge into first degree robbery. The announcement of this rule came in *State v. Vladovic*:

> [T]he merger doctrine is a rule of statutory construction which only applies where the Legislature has clearly indicated that in order to prove a particular degree of crime (*e.g.*, first degree rape) the State must prove not only that a defendant committed that crime (*e.g.*, rape) but that the crime was accompanied by an act which is defined as a crime elsewhere in the criminal statutes (*e.g.*, assault or kidnapping). Pursuant to this rule, kidnapping does not merge into first degree robbery.[12]

---

[7] "No person shall be . . . twice put in jeopardy for the same offense." WASH. CONST. art. I, § 9; *accord* U.S. CONST. amend. V.

[8] *State v. Vladovic*, 99 Wn.2d 413, 422-23, 662 P.2d 853 (1983) (quoting *Albernaz v. United States*, 450 U.S. 333, 344, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981)); *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983) (quoting *Whalen v. United States*, 445 U.S. 684, 691-92, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980)).

[9] *Vladovic*, 99 Wn.2d at 421.

[10] *State v. Johnson*, 92 Wn.2d 671, 680, 600 P.2d 1249 (1979).

[11] *See id.* at 681 (kidnapping and assault merge into completed rape).

[12] 99 Wn.2d 413, 420-21, 662 P.2d 853 (1983).

¶12 Six years later, in *In re Personal Restraint of Fletcher*, the court clarified that first degree kidnapping does not merge into first degree robbery *even where "the kidnapping was incidental to and a part of the robbery*, and did not have an independent purpose or effect."[13] The court also concluded that robbery does not merge into kidnapping because proof of one crime is not required to prove the other:

> A reading of the statute makes it clear that the person who intentionally abducts another need do so only with the *intent* to carry out one of the incidents enumerated in RCW 9A.40-.020(1)(a) through (e) inclusive; not that the perpetrator actually bring about or complete one of those qualifying factors listed in the statute. Thus, the Legislature has not indicated that a defendant must also commit another crime in order to be guilty of first degree kidnapping, and therefore the merger doctrine does not apply. As a result, Fletcher may be punished separately for the kidnapping and robbery convictions.[14]

In *State v. Louis*, the court held its course: "We see no reason to depart from our decisions in *Vladovic* and *Fletcher*."[15]

¶13 The merger doctrine thus poses no obstacle to separate punishments for the crimes committed here.

¶14 Grant avoids the double jeopardy cases by casting his argument as a due process challenge to the sufficiency of the evidence. The due process clause requires that the State prove by sufficient evidence every element of the crime beyond a reasonable doubt.[16]

---

[13] 113 Wn.2d 42, 52, 776 P.2d 114 (1989) (emphasis added).

[14] *Id.* at 52-53 ("[T]he statute only requires proof of *intent* to commit various acts, some of which are defined as crimes elsewhere in the criminal code. It does not require that the acts actually be committed.").

[15] 155 Wn.2d 563, 571, 120 P.3d 936 (2005).

[16] *State v. Deal*, 128 Wn.2d 693, 698, 911 P.2d 996 (1996); *Green*, 94 Wn.2d at 221-22 ("[T]he appropriate test for determining the sufficiency of the evidence . . . as framed in *Jackson v. Virginia*, [443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)] is whether, after viewing the evidence most favorable to the State, any

¶15 Grant does not contend the evidence of first degree kidnapping was insufficient, and indeed, the evidence was ample. In sum, Grant and his accomplice pointed their guns at Bigelow, bound her hands behind her back, tied her feet together, and dragged her to a downstairs bathroom, where they kept her for approximately three hours. They repeatedly returned to question her at gunpoint, threaten her, and assault her. Bigelow overheard them discussing whether to shoot her. This is restraint by threat of deadly force with intent to facilitate robbery. Those are the elements of first degree kidnapping.

¶16 Grant argues, however, that due process requires more: a showing that he "restrained and moved Bigelow for a purpose independent from his intent to commit robbery."[17] His terminology comes from an exception to the merger rule: where crimes would otherwise merge, they may nonetheless be punished separately if the other offense involves some independent purpose or effect, some separate and distinct injury which is "not merely incidental to the crime of which it forms an element."[18]

¶17 Grant relies heavily upon *Korum*, which involved a series of home invasion robberies. Korum was charged with multiple counts, including first degree kidnapping and first degree robbery. He contended that under *Green*, the evidence was insufficient because the kidnappings were merely "incidental" to the robberies.[19] Division Two of this court agreed, relying on *Green*, and held the evidence insufficient because the restraint of the victims was inci-

---

rational trier of fact could have found the essential elements of kidnapping beyond a reasonable doubt." (emphasis omitted)).

[17] Appellant's Br. at 14.

[18] *Johnson*, 92 Wn.2d at 680.

[19] *Korum*, 120 Wn. App. at 689. Korum also alleged vindictive charging practices. *Korum*, 120 Wn. App. at 702-03 (citing *Green*, 94 Wn.2d at 227).

dental to the robberies so that the kidnappings "merged" into the robberies as a matter of law.[20]

¶18 We respectfully disagree with the *Korum* court's analysis and its reading of *Green*.

¶19 First, as discussed above, Korum's first degree robbery and first degree kidnapping offenses did not merge.

¶20 Second, Green does not support the evidentiary analysis. *Green* involved a charge of aggravated murder in the first degree, committed in the furtherance of first degree kidnapping or first degree rape.[21] In other words, proof of either rape or kidnapping in the first degree was required to elevate the crime to aggravated first degree murder. Green was not separately charged with rape or kidnapping.[22] *Green* was therefore not a merger case.

¶21 The issue in *Green* was whether the State proved first degree kidnapping by means of secreting the victim.[23] The court applied (for the first time in Washington) the test for sufficiency of the evidence announced in *Jackson v. Virginia*[24] and held the evidence not sufficient to show that Green secreted his victim in a place she was not likely to be found.[25]

---

[20] *Id.* at 707. The *Korum* analysis was rejected by Division Three of this court on grounds that *Korum* is essentially a vindictive charging case and is in conflict with the merger cases. *State v. Butler*, 165 Wn. App. 820, 831, 269 P.3d 315 (2012). Recently, Division Two held that a *second* degree kidnapping "was incidental to the crime of first degree robbery and [those] convictions merge." *State v. Lindsay*, 171 Wn. App. 808, 843-44, 288 P.3d 641 (2012).

[21] *Green*, 94 Wn.2d at 219.

[22] Had he been so charged, convictions on those counts would have merged into the aggravated first degree murder conviction. *Johnson*, 92 Wn.2d at 680.

[23] *Green*, 94 Wn.2d at 225-26.

[24] 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

[25] *Green*, 94 Wn.2d at 221-22 ("[T]he appropriate test for determining the sufficiency of the evidence ... as framed in *Jackson v. Virginia* ... is whether, after viewing the evidence most favorable to the State, any rational trier of fact could have found the essential elements of kidnapping beyond a reasonable doubt." (emphasis omitted)). The court found the evidence insufficient under either test.

¶22 The evidence in *Green* is easily seen as wanting. In plain view of witnesses, Green carried his child victim across the grass and around the side of an apartment building to a loading dock, which was itself clearly visible.[26] The time involved was a matter of minutes, the distance between Green's first encounter with the child and the place to which she was moved was "short," and the place itself was public.[27] The court held that

> no rational trier of fact could have found beyond a reasonable doubt[ ] that the victim had been restrained by means of secreting her in a place where she was not likely to be found.... Green could hardly have chosen a more public place to accost his victim or commit the homicide some 2 to 3 minutes later.[28]

The court also made the following observation, which spurs the arguments before us:

> [I]t is clear these events were actually an integral part of and not independent of the underlying homicide. . . . [T]he mere *incidental* restraint and movement of a victim which might occur during the course of a homicide are not, standing alone, indicia of a true kidnapping.[29]

¶23 We must establish the context. Soon after its decision in *Green*, the court decided the first of its kidnapping-robbery merger cases, beginning with *Vladovic* in 1983. As discussed above, these cases hold that a completed first degree kidnapping does not merge into first degree robbery.[30] Justice Utter vigorously dissented in *Vladovic*, urging the adoption of a merger rule peculiar to kidnapping, i.e., "that forced movement of a person cannot support a

[26] *Id.* at 222-23.

[27] *Id.* at 224.

[28] *Id.* at 226 (emphasis omitted).

[29] *Id.* at 226-27.

[30] Grant contends the *Vladovic* court actually applied *Green*. This is incorrect. There was no *Green* issue at all because Vladovic was not charged with kidnapping the victim of the robbery. *Vladovic*, 99 Wn.2d at 424.

conviction for kidnapping if it is merely incidental to some other offense."[31] He characterized *Green* as a merger case: "[W]e expressly recognized the kidnapping merger rule [in] *State v. Green*."[32] But the majority of the court did not agree. In Washington, first degree kidnapping and first degree robbery do not merge because the legislature intended to punish each offense separately.

¶24 Relying on the observation quoted above, however, Grant and the dissent contend *Green* introduced a new test, under which due process is not satisfied unless the kidnapping is shown to be not incidental to the robbery. According to the dissent, *Green* " 'borrowed' " the concept of incidental restraint from the merger cases and "incorporated this concept into a new standard for determining sufficiency of the evidence on appeal."[33]

¶25 *Green* did no such thing, and the few lines quoted above cannot be so interpreted.[34] Certainly the *Green* court borrowed language from the merger cases, including *Johnson*.[35] Whether an offense is incidental to another is relevant in double jeopardy analysis because even if the offenses would otherwise merge, the State may nonetheless seek punishment for both if it can show that the second offense involved "some injury to the person or property of the victim or others, which is separate and distinct from and not merely incidental to the crime of which it forms an element."[36] The "incidental" inquiry does not arise where,

---

[31] *Id.* at 428 (Utter, J., concurring in part, dissenting in part).

[32] *Id.* 432 (Utter, J., concurring in part, dissenting in part).

[33] Dissent at 507-08.

[34] As the dissent points out, this issue has been litigated in other jurisdictions with varying results, and some courts require the jury to determine whether the restraint was incidental. *See* Frank J. Wozniak, Annotation, *Seizure or Detention for Purpose of Committing Rape, Robbery, or Other Offense as Constituting Separate Crime of Kidnapping*, 39 A.L.R. 5TH 283 (1996).

[35] The term "incidental" is lifted directly from *Johnson*. *Green*, 94 Wn.2d at 227 (citing *Johnson*, 92 Wn.2d at 676).

[36] *Johnson*, 92 Wn.2d at 680.

as here, the offenses do not merge in the first place. Grant seeks to hopscotch over the double jeopardy clause and land on due process.

¶26 But nothing in *Green* suggests the court intended to mix and match these concepts or to adopt a new standard for reviewing evidentiary sufficiency. Borrowing merger terminology to describe the weaknesses in the State's evidence is not the same as announcing a new approach to appellate review, especially when the court has otherwise kept complete silence on the matter and the passage consists of only a few lines. Where our court announces a new test, it is inclined to say so.

¶27 Further, the result of this alleged new approach to appellate review is effectively to impose a new, non-statutory element of the offense of first degree kidnapping, to wit, that it be "not incidental" to an accompanying crime. But only the legislature can enumerate the elements of a criminal offense.[37]

¶28 Finally, as charged here, first degree kidnapping consists of abduction with *intent to facilitate commission of another felony*. Under Grant's logic, if the other felony is intended but never consummated, the State may charge kidnapping, but if the other felony is actually committed, the State cannot charge both crimes. This is inconsistent with the definitions of each offense and with the legislative intent, as determined in the merger cases, to punish first degree kidnapping and first degree robbery separately.

¶29 The due process clause requires the State to prove the statutory elements of kidnapping, which the State did. It does not require the State to prove that first degree kidnapping was "not incidental" to first degree robbery. Due process was satisfied.

¶30 We affirm Grant's convictions.

---

[37] *State v. Calle*, 125 Wn.2d 769, 777-78, 888 P.2d 155 (1995).

¶31 The balance of this opinion having no precedential value, the panel has determined it should not be published in accordance with RCW 2.06.040.

DWYER, J., concurs.

¶32 BECKER, J. (dissenting) — Appellant Terry Grant contends there was insufficient evidence to convict him of kidnapping the same person that he robbed because the restraint was incidental to the robbery. I agree and respectfully dissent from the majority's affirmance of his kidnapping conviction.

¶33 The majority's answer to Grant's challenge is to say that the crimes of robbery and kidnapping do not merge. Merger is not the issue in dispute. Merger is a double jeopardy issue. Sufficiency of the evidence is a due process issue. The majority's analysis blurs the distinction between these two constitutional issues. It is quite clear that a defendant may be punished separately for robbery and kidnapping without violating the prohibition against double jeopardy under the Fifth Amendment of the United States Constitution. *State v. Vladovic*, 99 Wn.2d 413, 420-21, 662 P.2d 853 (1983); *State v. Louis*, 155 Wn.2d 563, 568-71, 120 P.3d 936 (2005). Grant's appeal does not contend the two crimes merged. He challenges the sufficiency of the evidence to support his conviction for kidnapping.

¶34 The dispute between the parties in this case is over the application of the concept of "incidental restraint" discussed in *State v. Green*, 94 Wn.2d 216, 616 P.2d 628 (1980). *Green* is the leading case we must look to when reviewing the sufficiency of the evidence to prove a kidnapping that occurs contemporaneously with another crime. Under *Green*, the State bears the burden of proving that acts of restraint giving rise to a kidnapping charge were not merely "incidental" to the commission of a second, different offense. *Green*, 94 Wn.2d at 227. While *Green* "borrowed"

the concept of incidental restraint from an earlier merger case, it incorporated this concept into a new standard for determining sufficiency of the evidence on appeal. *In re Pers. Restraint of Bybee*, 142 Wn. App. 260, 266-67, 175 P.3d 589 (2007). *Green* is the seminal case in which the court adopted the test for sufficiency of the evidence from *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979): "whether, after viewing the evidence most favorable to the State, *any rational trier of fact* could have found the essential elements of kidnapping *beyond a reasonable doubt.*" *Green*, 94 Wn.2d at 221-22.

¶35 In *Green*, the court held the evidence insufficient to support the use of kidnapping as an element of aggravated first degree murder. This was because the State failed to prove abduction, an element of kidnapping. *Green*, 94 Wn.2d at 224-30. Abduction may be proved in three distinct ways, each of which necessarily involves restraint. *Green*, 94 Wn.2d at 225. Abduction may be proved where the victim is restrained by threatening deadly force, by using deadly force, or by secreting or holding her in a place where she is not likely to be found. RCW 9A.40.010(1); *Green*, 94 Wn.2d at 225.

¶36 In *Green*, there was no evidence of a threat of deadly force. There was no evidence of the use of deadly force apart from the killing itself, and the killing itself could not constitute the restraint necessary to prove kidnapping. *Green*, 94 Wn.2d at 229; *Vladovic*, 99 Wn.2d at 424. This left one other possibility—whether the victim was abducted by secretion. The court concluded secretion was not proved either; the "mere *incidental* restraint and movement of a victim which might occur during the course of a homicide are not, standing alone, indicia of a true kidnapping." *Green*, 94 Wn.2d at 227. Because the State proved none of the means of abduction, the evidence was insufficient to establish the crime of kidnapping. *Green*, 94 Wn.2d at 230.

¶37 In this case, Grant argues that his restraint of robbery victim Joanne Bigelow was merely incidental to the

robbery in the same way that the movement of the murder victim in *Green* was incidental to the killing. The majority responds that kidnapping and robbery cannot "merge" even where the kidnapping was merely incidental to the robbery. Majority at 500, quoting *Vladovic*, 99 Wn.2d at 420-21. But again, Grant is arguing sufficiency of the evidence under *Green*, not merger or double jeopardy under *Vladovic*. The portion of *Vladovic* addressing sufficiency of the evidence is found at 99 Wn.2d at 424.

¶38 In *Vladovic*, armed robbers entered Bagley Hall at the University of Washington and encountered five employees. A jury found the defendant guilty of attempted first degree robbery for attempting to steal the contents of a safe; first degree robbery for stealing money from the wallet of Mr. Jensen, the storeroom manager; and four counts of first degree kidnapping for restraining the remaining four employees by using or threatening to use deadly force. *Vladovic*, 99 Wn.2d at 416.

¶39 At 99 Wn.2d at 424, the *Vladovic* court tersely held *Green* "inapposite" because it was factually distinguishable in that according to the jury's findings, the restraint of the four employees was a separate act from the robbery of the storeroom manager's wallet.

> Petitioner relies on *Green* in arguing that his kidnapping conviction cannot stand because the acts did not bear the indicia of a true kidnapping. We stated in *Green* that an ultimate killing of a victim does not itself constitute the restraint necessary to prove kidnapping. *Green* is inapposite in the instant case since, as discussed above, the restraint of the four employees was a separate act from the robbery of Mr. Jensen. Therefore, the robbery of Mr. Jensen could not supply the restraint element of the kidnappings. We have reviewed petitioner's remaining challenges to the sufficiency of the evidence and find them to be without merit.

*Vladovic*, 99 Wn.2d at 424. With this conclusion, the majority found it unnecessary to address the *Green*-based issues in Justice Utter's separate opinion in *Vladovic*, 99 Wn.2d at 426-37 (Utter, J., concurring in part, dissenting in part).

¶40 The *Vladovic* majority found there was no basis to apply merger in the double jeopardy sense of that term, that is, in the sense discussed in *State v. Johnson*, 92 Wn.2d 671, 680, 600 P.2d 1249 (1979), *cert. dismissed*, 446 U.S. 948 (1980); *Vladovic*, 99 Wn.2d at 427. Justice Utter termed this the "general merger" rule, 99 Wn.2d at 427 (Utter, J., concurring in part, dissenting in part), and agreed it did not apply. But he did not think the fact that the crimes involved different victims should have stopped the court from applying what he referred to as the "kidnapping merger" rule recognized in *Green*. His use of the term "kidnapping merger" can be confusing because it sounds as if it is an alternative double jeopardy analysis. Actually, what Justice Utter was advocating, consistent with *Green*, is a rule for analyzing the sufficiency of the evidence. This can be seen in his recommendation on the proper instruction to be given a jury: "At the new trial Mr. Vladovic would, however, be entitled to an instruction directing the jury that a restraint by deadly force is insufficient to support a conviction of kidnapping if it is incidental to another crime. The term incidental should be defined in terms of the test and factors enunciated in [*Gov't of V.I. v. Berry*, 604 F.2d 221, 227 (3d Cir. 1979)]." *Vladovic*, 99 Wn.2d at 437 (Utter, J., concurring in part and dissenting in part). Justice Utter's position on incidental restraint was derived from a construction of the kidnapping statute as fully outlined in his opinion. It does not, as the majority here claims, add a nonstatutory element to the crime.

¶41 Here, unlike in *Vladovic*, the defendant was convicted of robbing and restraining the same victim, Bigelow. Therefore, the *Green* analysis is not inapposite, as the *Vladovic* majority concluded it was in that case. To the contrary, *Green* is the leading case that must be used to determine whether the restriction of Bigelow's movement was sufficient to establish abduction by secretion, or whether it was merely the "incidental" restraint occurring in the course of the robbery.

¶42 The majority aligns itself with *State v. Butler*, 165 Wn. App. 820, 269 P.3d 315 (2012). Majority at 503. *Butler* suggests that the analysis of incidental restraint might better be left to the trier of fact because it involves factual rather than legal considerations. *Butler*, 165 Wn. App. at 833. This is true, as far as it goes. The determination of incidental restraint is "to be made under the facts of each case, in light of the totality of surrounding circumstances." *Green*, 94 Wn.2d at 227. But as *Green* makes equally clear, the issue of incidental restraint may be raised on appeal. It then becomes the obligation of the appellate court to review the sufficiency of the evidence under *Green*, a case our Supreme Court has never renounced, revised, or backed away from. The Supreme Court's most recent reference to the issue expressly affirms the continuing vitality of *Green*: "This court has held and the State concedes that the mere incidental restraint and movement of the victim during the course of another crime which has no independent purpose or injury is insufficient to establish a kidnapping. *See Green*, 94 Wn.2d at 227 (kidnapping merges into first degree rape)." *State v. Brett*, 126 Wn.2d 136, 166, 892 P.2d 29 (1995), *cert. denied*, 516 U.S. 1121 (1996).

¶43 Since *Brett*, the Supreme Court has not had occasion to mention incidental restraint in connection with a kidnapping. In the Court of Appeals, however, the issue has been addressed often. Division Two has consistently applied *Green* and has made the concept of incidental restraint an integral part of analyzing sufficiency of the evidence. *State v. Korum*, 120 Wn. App. 686, 702-07, 86 P.3d 166 (2004), *aff'd in part, rev'd in part on other grounds*, 157 Wn.2d 614, 141 P.3d 13 (2006); *State v. Saunders*, 120 Wn. App. 800, 815-19, 86 P.3d 232 (2004); *Bybee*, 142 Wn. App. at 266-67 (argument that a kidnapping conviction was incidental to a robbery raises an issue of sufficiency of the evidence, not double jeopardy, and therefore does not escape the one-year time bar for a personal restraint petition); *State v. Elmore*, 154 Wn. App. 885, 901-04, 228 P.3d 760, *review denied*, 169

Wn.2d 1018 (2010). In Divisions One and Three, the issue has been dealt with less consistently. For example, *Green* was applied in *State v. Washington*, 135 Wn. App. 42, 50-51, 143 P.3d 606 (2006), *review denied*, 160 Wn.2d 1017 (2007). But a recent trend in unpublished opinions has been simply to ignore *Green* and to treat *Louis* as controlling. This subterranean current of analysis surfaced in *Butler*, 165 Wn. App. at 828-33. *Butler* declares, erroneously in my opinion, that a sufficiency of the evidence analysis in a case of kidnapping and robbery is controlled by the merger principles utilized in *Vladovic*, 99 Wn.2d at 418-22, and *Louis*, 155 Wn.2d at 570-71. This is erroneous because the cited pages in *Vladovic* and *Louis* discuss double jeopardy. Sufficiency of the evidence and *Green* are discussed on a different page of *Vladovic*, 99 Wn.2d at 424. They are not mentioned at all in *Louis*.

¶44 Like the *Butler* court, the majority rejects the idea that the sufficiency of the evidence to prove kidnapping is analyzed more carefully when it occurs contemporaneously with another crime than when it occurs by itself. Viewing the kidnapping in isolation, the majority concludes "the evidence was ample." Majority at 502. This approach is inconsistent with *Green* and the majority view in other jurisdictions. According to an A.L.R. survey, the majority view is that "kidnapping statutes do not apply to unlawful confinements or movements 'incidental' to the commission of other felonies." Frank J. Wozniak, Annotation, *Seizure or Detention for Purpose of Committing Rape, Robbery, or Other Offense as Constituting Separate Crime of Kidnapping*, 39 A.L.R. 5TH 283, 356 (1996). A number of cases do support the minority view that "the seizure or detention of a rape victim, robbery victim, or victim of a similar offense, with any accompanying movement, is necessarily sufficient to constitute the separate crime of kidnapping." Wozniak, 39 A.L.R.5TH at 361. *Green* puts Washington in the majority camp. Under *Green*, the question Grant deserves an answer to is whether the restraint necessary to prove the kidnap-

ping was merely incidental to the separate crime of robbery. If so, the evidence should be held insufficient under *Green*. *Korum*, 120 Wn. App. at 702-07; *Elmore*, 154 Wn. App. at 901.

¶45 Grant argues that this court should adopt and apply the factors articulated in *Korum* as relevant to its review of the sufficiency of the evidence:

> (1) The restraints were for the sole purpose of facilitating the robberies—to prevent the victims' interference with searching their homes for money and drugs to steal; (2) forcible restraint of the victims was inherent in these armed robberies; (3) the victims were not transported away from their homes during or after the invasions to some remote spot where they were not likely to be found; (4) although some victims were left restrained in their homes when the robbers left, the duration of the restraint does not appear to have been substantially longer than that required for commission of the robberies; and (5) the restraints did not create a significant danger independent of that posed by the armed robberies themselves.

*Korum*, 120 Wn. App. at 707 (footnote omitted).

¶46 *Korum* comes closer to a correct understanding of *Green* than the majority or *Butler* does. The *Korum* factors closely resemble the *Berry* test discussed by Justice Utter. *Vladovic*, 99 Wn.2d at 436 (Utter, J., concurring in part, dissenting in part). As discussed above, the *Vladovic* majority did not reject Justice Utter's proposal to use the *Berry* test as the basis for a jury instruction, but simply did not reach it.

¶47 The parties in this case have not briefed whether juries should be instructed on incidental restraint. Nevertheless, *Green* and *Korum* provide enough guidance for an appellate court to determine that there was insufficient evidence for the jury to find a true kidnapping here. Grant and his accomplice restrained Bigelow for the purpose of facilitating the robbery inside her home. The forcible restraint was inherent in the armed robbery. Bigelow was tied up in her home, not in some remote spot where she was

unlikely to be found. The restraint was not substantially longer than necessary for the perpetrators to complete the robbery, and tying Bigelow up did not create a significant danger independent of that posed by the armed robbery itself.

¶48 I respectfully disagree with the majority's analysis and its conclusion. I would reverse the kidnapping conviction.

Review denied at 177 Wn.2d 1021 (2013).