FILED
COURT OF APPEALS
DIVISION II

2014 MAR 19 AM 8:47

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of: | No. 43389-3-II |
| ALBERT JAMAAL YOUNGBLOOD, | UNPUBLISHED OPINION |
| Petitioner. | |

WORSWICK, C.J. — In this personal restraint petition, Albert Youngblood petitions this court to vacate his two convictions for first degree kidnapping. Youngblood was convicted of kidnapping and robbery; he now argues that the evidence was insufficient to support his kidnapping convictions because his conduct was merely incidental to commission of the robbery. Because Youngblood's direct appeal determined the merits of his argument and he fails to show that relitigating it would serve the interests of justice, we dismiss his petition.

## FACTS

Albert Youngblood, Samuel Ferguson, and John Fitzpatrick were convicted of four counts arising from the robbery of a Shari's Restaurant in Vancouver, Washington.[1] At about 5:00 AM, two men entered the restaurant wearing hats with eyeholes cut in them. At gunpoint

---

[1] Youngblood, Ferguson, and Fitzpatrick were tried jointly; however, Youngblood and Ferguson appealed separately. *State v. Youngblood*, noted at 162 Wn. App. 1008, 2011 WL 2120001, *review denied*, 172 Wn.2d 1020 (2011); *State v. Ferguson*, 164 Wn. App. 370, 374, 264 P.3d 575 (2011), *review denied*, 173 Wn.2d 1035 (2012). The facts here are taken from Youngblood's appeal.

they forced two employees, Javier Rivera and Roberta Damewood, to move from the kitchen and to lie on the floor in a storage room.

Elsewhere in the restaurant, one of the men pointed a gun at another employee, Regina Bridges, and demanded that she open the cash register. Bridges complied, the man took money from the cash register, and both men left. Bridges then called 911 to report the robbery. Police officers later chased and apprehended Youngblood, Ferguson, and Fitzpatrick.

The State jointly charged Youngblood, Ferguson, and Fitzpatrick with four counts: (1) first degree robbery of Bridges, (2) first degree kidnapping of Damewood, (3) first degree kidnapping of Rivera, and (4) attempting to elude a pursuing police vehicle. After two jury trials, the trial court entered convictions on all four counts. Youngblood appealed to this court, arguing inter alia that the evidence was insufficient to support his convictions for kidnapping.

Youngblood based his sufficiency of the evidence argument on the incidental restraint doctrine applied by this court in *State v. Korum*, 120 Wn. App. 686, 86 P.3d 166 (2004), *rev'd in part on other grounds*, 157 Wn.2d 614 (2006). Although this court recently reaffirmed *Korum* in *State v. Berg*, 177 Wn. App. 119, 131, 310 P.3d 866 (2013), *cross petitions for review set for en banc conference*, No. 895708 (Wash. Mar. 5, 2014), Divisions One and Three have declined to follow *Korum* or apply the incidental restraint doctrine. *State v. Grant*, 172 Wn. App. 496, 498, 301 P.3d 459 (2012), *review denied*, 177 Wn.2d 1021 (2013); *State v. Butler*, 165 Wn. App. 820, 830-31, 269 P.3d 315 (2012).

Before Divisions One and Three of this court declined to follow *Korum*, this court transferred Youngblood's appeal to Division One to expedite review. Order Transferring Cases, *State v. Youngblood*, No. 39721-8-II (Wash. Ct. App. Feb. 18, 2011), at 1, 6; *see* RCW 2.06.040;

No. 43389-3-II

CAR 21(a). Division One affirmed Youngblood's convictions in an unpublished opinion. *State v. Youngblood*, noted at 162 Wn. App. 1008, 2011 WL 2120001, at *1, *review denied*, 172 Wn.2d 1020 (2011).

While recognizing that Youngblood argued that "insufficient evidence exists to sustain the kidnapping convictions" under *Korum*, Division One disposed of the argument by holding that "Youngblood's convictions for first degree kidnapping and first degree robbery do not merge." *Youngblood*, 2011 WL 2120001, at *3, *4. In a footnote, Division One also rejected Youngblood's argument because the kidnappings and robbery had different victims, citing *State v. Vladovic*, 99 Wn.2d 413, 424, 662 P.2d 853 (1983). *Youngblood*, 2011 WL 2120001, at *4 n.5.

Youngblood petitioned for review in our Supreme Court, which denied review. *Youngblood*, noted at 172 Wn.2d 1020. This personal restraint petition followed.

ANALYSIS

Youngblood argues that his right to due process was violated because the evidence was insufficient to convict him of two counts of first degree kidnapping. Youngblood cannot renew his argument in this personal restraint petition and, accordingly, we dismiss his petition.

A personal restraint petition will be granted only if the petitioner is under an unlawful restraint. RAP 16.4(a); *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 16, 296 P.3d 872 (2013). But a personal restraint petition is not a substitute for a direct appeal. *In re Pers. Restraint of Hagler*, 97 Wn.2d 818, 824, 650 P.2d 1103 (1982). There are limits on the use of a personal restraint petition to collaterally attack a conviction. *Hagler*, 97 Wn.2d at 824.

3

As a threshold issue, the State argues that Youngblood may not renew his sufficiency of the evidence argument because it was resolved in his direct appeal. We agree.

A personal restraint petition cannot renew an issue that was raised and rejected on direct appeal unless the interests of justice require relitigation of the issue. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671, 101 P.3d 1 (2004). An issue was raised and rejected on direct appeal if the direct appeal determined the issue's merits adversely to the petitioner. *Davis*, 152 Wn.2d at 671 n.14 (citing *In re Pers. Restraint of Taylor*, 105 Wn.2d 683, 687, 717 P.2d 755 (1986)).

A.      *Youngblood's Direct Appeal Was Rejected on the Merits*

Youngblood concedes that his petition advances "one of the same arguments that he asserted in his direct appeal," but he claims that Division One's opinion failed to determine the merits of this argument. Pet. at 7. Thus, Youngblood appears to assert that he is *entitled* to renew the argument in his personal restraint petition. We disagree.

In support of his claim that Division One failed to determine the merits of his argument, Youngblood asserts that Division One based its decision on merger principles and ignored his sufficiency of the evidence argument. We disagree.

In its entirety, Division One's consideration of Youngblood's argument was as follows:

> *Sufficiency of the Evidence—Merger*
>     Youngblood first argues that "the first degree kidnapping counts were incidental to the robbery and no separate conviction may be imposed and enforced." Appellant's Br. at 17. He therefore maintains that because the kidnappings were done solely to facilitate the robbery and were not independent crimes, insufficient evidence exists to sustain the kidnapping convictions.
>     Youngblood relies on *State v. Korum*, 120 Wn. App. 686, 86 P.3d 166 (2004). There, the State charged the defendant with several kidnapping charges stemming from a conspiracy to rob drug dealers in a series of home invasions. *Korum*, 120 Wn. App. at 689. The perpetrators restrained the victims with duct

4

tape while searching the homes and stealing drugs, money, and other valuables. *Korum*, 120 Wn. App. at 690-92. The court determined that this restraint of the victims did not constitute separate kidnappings. "[W]e hold as a matter of law that the kidnappings here were incidental to the robberies. . . ." *Korum*, 120 Wn. App. at 707 (footnote omitted).

But in *State v. Louis*, 155 Wn.2d 563, 571, 120 P.3d 936 (2005), the court held that first degree kidnapping, even when incidental to a first degree robbery, does not merge with a robbery conviction. In *Louis*, while robbing a jewelry store, the defendant bound the two owners' hands and feet, covered their eyes and mouths with duct tape, and forced them into a bathroom. The jury convicted him of one count of first degree kidnapping and one count of first degree robbery for each victim.

On appeal, Louis argued that his convictions for kidnapping and robbery merged because the kidnappings were simultaneous and incidental to the robbery. The court determined the crimes do not merge because proof of one is not necessary to prove the other. It reasoned that proof of kidnapping is not necessary to prove first degree robbery, and proof of first degree kidnapping requires only the intent to commit robbery, not the completion of robbery. *Louis*, 155 Wn.2d at 571. Because *Louis* controls, Youngblood's convictions for first degree kidnapping and first degree robbery do not merge.[5]

---

[5] Furthermore, the victims of the kidnappings in this case were different from the victim of the robbery. Under similar facts, the court rejected this same argument in *State v. Vladovic*, 99 Wn.2d 413, 424, 662 P.2d 853 (1983). We likewise reject it here.

*Youngblood*, 2011 WL 2120001, at *3-4 & n.5 (alteration in original).

Although Division One's analysis largely relied on merger principles found in *Louis*, its footnote rejected Youngblood's argument on sufficiency of the evidence grounds by citing *Vladovic*, 99 Wn.2d at 424. *Youngblood*, 2011 WL 2120001, at *4 & n.5. In *Vladovic*, our Supreme Court rejected an appeal of kidnapping convictions on *both* merger *and* sufficiency of the evidence grounds. 99 Wn.2d at 418-22, 424. It is clear from the page cited in the *Youngblood* footnote that Division One applied *Vladovic*'s sufficiency of the evidence holding. *Youngblood*, 2011 WL 2120001, at *4 n.5 (citing *Vladovic*, 99 Wn.2d at 424). Thus Division One determined the merits of Youngblood's sufficiency of the evidence argument.

5

No. 43389-3-II

B.     *The Interests of Justice Do Not Require Relitigation*

Because Division One rejected Youngblood's sufficiency of the evidence argument on the merits, his personal restraint petition cannot renew the argument unless relitigation of the issue would serve the interests of justice. *See Davis*, 152 Wn.2d at 671. We hold that the interests of justice do not require relitigation in this case.

The petitioner bears the burden of showing that relitigation of an issue would serve the interests of justice. *Taylor*, 105 Wn.2d at 689. Although this test "'cannot be too finely particularized,'" the interests of justice may be served by relitigating a purely legal question when there has been an intervening change in the law or the petitioner has some justification for failing to raise a crucial point in the direct appeal. *Taylor*, 105 Wn.2d at 688-89 (quoting *Sanders v. United States*, 373 U.S. 1, 16-17, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963)).

Youngblood claims that the interests of justice would be served by allowing him to relitigate his argument in a court applying "clearly established Division [Two] case law," namely, this court's decisions in *Korum*, 120 Wn. App. 686, and *In re Pers. Restraint of Bybee*, 142 Wn. App. 260, 175 P.3d 589 (2007). Pet. at 7. We disagree.

The Court of Appeals is one court having three divisions.[2] RCW 2.06.010, .020. This state's lower courts must give effect to mandates issued by the Court of Appeals. *Thompson v. Lennox*, 151 Wn. App. 479, 490, 212 P.3d 597 (2009) (citing *Ethredge v. Diamond Drill Contracting Co.*, 200 Wash. 273, 276, 93 P.2d 324 (1939)); *see* RAP 12.2. In turn, the Court of

---

[2] The Washington Constitution vests judicial power in "a supreme court" and "a court of appeals," using the singular noun to refer to one court. WASH. CONST. art. IV, §§ 1, 30; *accord* RCW 2.06.010 (establishing "a court of appeals"). In contrast, the Washington Constitution also vests judicial power in *plural* "superior courts, justices of the peace, and such inferior courts as the legislature may provide." WASH. CONST. art. IV, § 1.

6

Appeals is bound to apply Washington law as interpreted by the Washington Supreme Court. *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984). There is no such thing as "Division Two case law," separate from Court of Appeals case law; instead, Washington law controls in every division of the Court of Appeals.[3] *See Gore*, 101 Wn.2d at 487.

Here, Youngblood exercised his constitutional right as a criminal defendant to appeal his conviction. *See* WASH. CONST. art. I, § 22. But Youngblood fails to show that the interests of justice would be served if his appeal were considered by the division or the three-judge panel most receptive to his arguments.

Additionally, the interests of justice do not require relitigation because Youngblood's sufficiency of the evidence argument would not succeed on its merits. To resolve a procedural question raised in a postconviction personal restraint petition, it may be necessary to "peek at the merits" of the petitioner's argument. *See Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (considering whether, in the interests of justice, a habeas petition should be dismissed or merely transferred to the appropriate court). Because the procedural question presented here turns on the interests of justice, a peek at the merits is appropriate.

Youngblood's argument would fail on its merits despite this court's decision in *Korum*. Youngblood argues that the evidence was insufficient to convict him of kidnapping because the kidnappings were merely incidental to the robbery. But Youngblood was convicted of kidnapping Rivera and Damewood; in contrast, the victim of the robbery was a different person, Bridges. *Youngblood*, 2011 WL 2120001, at *1 n.2. As a matter of law, a kidnapping is *not*

---

[3] Anticipating situations in which "there is a direct conflict among prevailing decisions of panels of the court [of appeals]," our legislature has provided for our Supreme Court to resolve such conflicts. RCW 2.06.030(e).

7

merely incidental to a robbery when the kidnapping and the robbery have different victims. *See Vladovic*, 99 Wn.2d at 424; *Korum*, 120 Wn. App. at 704 n.14. Accordingly, Youngblood's argument would fail on the merits.

Youngblood fails to carry his burden to show that the interests of justice would be served by relitigation of his sufficiency of the evidence argument. *See Taylor*, 105 Wn.2d at 689. Therefore he cannot renew the argument now. *See Davis*, 152 Wn.2d at 671. Because there are no other grounds on which to conclude that Youngblood is unlawfully restrained, we dismiss his personal restraint petition. *See Yates*, 177 Wn.2d at 16.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, C.J.

We concur:

Hunt, J.

Penoyar, J.P.T.