# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
January 7, 2015 Session Heard at Greeneville

## STATE OF TENNESSEE v. LARRY JERELLER ALSTON, et al.

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**No. 94647      Mary Beth Leibowitz, Judge**

_____

**No. E2012-00431-SC-R11-CD – Filed May 5, 2015**

_____

JEFFREY S. BIVINS, J., concurring.

I concur in the Court's opinion in this case authored by Chief Justice Lee. That opinion represents the correct analysis and result based upon the existing analytical framework currently utilized by this Court in this area of the law. Although I agree that this is not the case to revisit the issue at this point in time,[1] I write separately to express my concern about this existing analytical framework.

Specifically, I question the constitutional underpinnings of the remnants of State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), and the new modified approach adopted in State v. White, 362 S.W.3d 559 (Tenn. 2012). In my view, both may well be based upon fundamentally flawed constitutional jurisprudence. Both opinions utilize the Tennessee Constitution's due process clause to address an issue which more properly may fall within the ambit of the federal and state constitutions' protection against double jeopardy.

In 1991, with Anthony, this Court began its reliance on the due process clause of our state constitution to address the issue of dual convictions of kidnapping and certain other felonies which included, as necessary to their commission, some degree of removal or confinement of the victim by the perpetrator. 817 S.W.2d at 306. For instance, robberies and rapes necessarily involve some detention of the victim by the perpetrator in order to accomplish the taking of property or the sexual penetration. This Court explained in Anthony that it was relying on Tennessee's due process clause because "double jeopardy analysis [was] inadequate." Id.

---

[1] Given the already tortured procedural history of this case and the fact that the parties were not asked to brief the issue of my concern expressed in this separate opinion, this issue should await proper consideration on another day.

In White, 362 S.W.3d at 567-70, this Court recognized the complexity and the difficulties involved in the analysis dictated by Anthony as subsequently refined in State v. Dixon, 957 S.W.2d 532 (Tenn. 1997). The White Court ultimately overruled Anthony and its progeny to the extent that they required a separate due process analysis in appellate review. White, 362 S.W.3d at 578. In its place, the White Court adopted a procedure that makes the inquiry a question of fact for a properly instructed jury. Id. at 577-78. Specifically, in these types of cases, White held that the jury must be instructed that, in order to convict the defendant of the kidnapping offense, it must find that the State proved beyond a reasonable doubt "that the removal or confinement was to a greater degree than that necessary to commit" the accompanying felony,[2] an element not found in our kidnapping statutes. Therefore, appellate review would be limited to a sufficiency of the evidence review. Id.

Although I certainly agree that the revised approach adopted in White represents a major improvement in this area of the law in that it provides a much simpler and understandable approach, I still must question its constitutional validity. First, the White Court, like the Anthony Court before it, relied upon state constitutional due process grounds for requiring the new jury instructions in these types of kidnapping cases. See White, 362 S.W.3d at 566. Second, by requiring the State to prove to the jury beyond a reasonable doubt the existence of the additional requirement, the White Court arguably effectively adopted a new judicially-created element of the offense in these types of kidnapping cases, over and above that adopted by our legislature.

In summary, I question whether dual convictions such as those at issue in this case should be analyzed based upon a defendant's due process rights under the Tennessee Constitution or whether they more properly should be analyzed under a double jeopardy analysis. For example, the Washington Court of Appeals recently considered a similar proposition in State v. Grant, 301 P.3d 459 (Wash. Ct. App. 2012), review denied 304 P.3d 115 (Wash. Jul. 10, 2013). The defendant had been convicted of first degree robbery and first degree kidnapping. Id. at 460. The defendant contended on appeal that "his kidnapping conviction violated due process because the restraint of the victim was merely incidental to the robbery and was therefore not sufficient to support a separate kidnapping conviction." Id. The Washington court recognized that "[w]hether an offense is incidental to another is relevant in *double jeopardy analysis*," id. at 464 (emphasis added), but soundly rejected the defendant's due process challenge:

> [T]he result of this alleged new approach to appellate review is effectively to impose a new, nonstatutory element of the offense of first degree kidnapping, to wit, that it be "not incidental" to an accompanying crime. But *only the legislature can enumerate the elements of a criminal offense*.
>
>     . . . .

---

[2] White, 362 S.W.3d at 580.

The due process clause requires the State to prove the statutory elements of kidnapping, which the State did. It does not require the State to prove that first degree kidnapping was "not incidental" to first degree robbery. Due process was satisfied.

Id. (emphasis added) (footnote omitted); see also State v. Irwin, 282 S.E.2d 439, 446 (N. C. 1981) ("To permit separate and additional punishment where there has been only a technical asportation, inherent in the other offense perpetrated, would violate a defendant's constitutional protection against *double jeopardy*.") (Emphasis added).

In closing, I note that some states have adopted legislation that serves to greatly assist the resolution of this issue. For instance, Ohio law provides as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

Ohio Rev. Code Ann. § 2941.25 (West, Westlaw through 2015 Files 1, 3 and 4 of the 131st GA). Likewise, Kentucky law provides as follows:

> A person may not be convicted of unlawful imprisonment in the first degree, unlawful imprisonment in the second degree, or kidnapping when his criminal purpose is the commission of an offense defined outside this chapter and his interference with the victim's liberty occurs immediately with and incidental to the commission of that offense, unless the interference exceeds that which is ordinarily incident to commission of the offense which is the objective of his criminal purpose. The exemption provided by this section is not applicable to a charge of kidnapping that arises from an interference with another's liberty that occurs incidental to the commission of a criminal escape.

Ky. Rev. Stat. Ann. § 509.050 (West, Westlaw through 2015 Reg. Sess.). To date, the Tennessee General Assembly has not enacted legislation addressing this issue.

Justice Kirby has authorized me to state that she joins in this concurring opinion.


                              _____\
                              JEFFREY S. BIVINS, JUSTICE